IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SECRETARY OF U.S. DEPARTMENT of LABOR, | ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 5:19-cv-00863 |
| | | JUDGE BENITA Y. PEARSON |
| Plaintiff, | | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| v. | | |
| AMERICAN MADE BAGS, LLC, et al., | | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | | |

This case is brought by the Secretary of the U.S. Department of Labor ("Plaintiff") under the Fair Labor Standards Act ("FLSA"). Before the undersigned is an ongoing discovery dispute that arises from Plaintiff's request for production of documents served on October 28, 2019. Doc. 17. That request asked Defendants to produce employee time and pay records "from March 3, 2015 through the Present." Doc. 38-1, p. 2, 3-4.

After multiple status reports and orders requiring Defendants to produce documents, most recently for the period January 2019 through September 2019,[1] Plaintiff now seeks an order requiring Defendants to produce documents "for the remaining period of time (September 2019 to present)." Doc. 37, p. 2. In the alternative, Plaintiff says, "if Defendants do not possess such records, they should identify the party that does." Doc. 37, p. 2. In other words, Plaintiff seeks

---

[1] The Court ordered Defendants to produce documents through September 2019 after Plaintiff, in a Joint Status Report filed on April 8, 2020, said "it appears that Defendants were continuing to employ workers until at least September 2019, and therefore, Defendants should have time and/or pay records through at least that period of time." Doc. 32, pp. 1-2.

to require Defendants to produce documents that were not yet in existence on October 28, 2019, when Plaintiff served its document request.

Plaintiff argues that it is entitled to documents post-dating its October 28, 2019, discovery request because the request asks for documents pertaining to the time period "March 3, 2015 through the present."[2] Doc. 37, p. 2. Thus, whether the additional documents that Plaintiff now seeks are covered by the Plaintiff's October 28, 2019, discovery request turns on the meaning of the phrase "through the present."

Upon consideration, the Court finds that the "through the present" language in Plaintiff's discovery request means through October 28, 2019, the date Plaintiff's request was served. *See e.g., Hnot v. Willis Grp. Holdings, Ltd.*, 2006 WL 2381869, at * 2n.4 (S.D.N.Y Aug. 17, 2006) (explaining that, "a discovery request dated January 16, 2002, for documents extending 'to the present' only requires production of documents in existence on or before January 16, 2002") and *In re High Fructose Corn Syrup Antitrust Litig.*, 2000 WL 33180835, at * 3 (C.D. Ill. July 19, 2000)(stating a "July 15, 1997, discovery request was for information 'to present,' *i.e.,* through July 15, 1997."); *but see Gamevice, Inc. v. Nintendo Co., Ltd.*, 2019 WL 5565942, at * 2 (N.D. Cal. Oct. 29, 2019) (where both parties before the court had by their conduct indicated a broader understanding of "through the present," the Court would require production of documents post-dating the service of the discovery request).

This case is unlike *Gamevice* and is more akin to *Hnot v. Willis Grp. Holdings* and *In re High Fructose Corn Syrup Antitrust Litig*. Here the parties' conduct does not show that they

---

[2] Plaintiff also argues that Defendants should be required to produce the additional time and pay records because Plaintiff may recover for post-complaint violations of the FLSA. Doc. 37, pp. 2-3, citing *Perez v. Davis Design & Development, Inc.*, No. 13–1118, 2013 WL 6835095 at *7-8 (W.D. Penn. Dec. 23, 2013. Assuming *Perez* stands for the proposition Plaintiff cites it for, it does not answer the question raised here: whether Plaintiff's October 28, 2019, discovery request requires production of documents that were not in existence at the time Plaintiff served its discovery request.

understood the "through the present" language in Plaintiff's October 28, 2019, document request to require Defendants to produce documents not yet in existence on the date the request was served.  Indeed, Defendants have resisted Plaintiff's efforts to obtain time and pay records, including for the period January 2019 through September 2019, asserting that the records were not relevant because the complaint does not allege labor law violations or misconduct during that period.  *See* Doc. 32, p. 2.  Over Defendants' objection, the Court ordered Defendants to produce records for that period.  Doc. 33.  Defendants thereafter produced the January – September 2019 time and pay records but they object to Plaintiff's attempt to obtain additional records.  Doc. 37.

The Court finds that Plaintiff is entitled to production of additional time and pay records but only through October 28, 2019.  Accordingly, no later than May 20, 2020, Defendants shall produce all time and pay records not already produced to Plaintiff from March 3, 2015, through October 28, 2019.  If Defendants do not have possession or control of these documents, no later than May 20, 2020, Defendants shall advise Plaintiff in writing of the identity of the person(s) who do have such possession or control.   This resolves the pending discovery dispute raised in Plaintiff's Notice of Discovery Dispute (Doc. 17) and the referral is therefore terminated.

Dated: May 13, 2020  */s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge